| | | |
|---|---|---|
| RETURN DATE: DECEMBER 17, 2013 | : | SUPERIOR COURT |
| | : | |
| SEVEN D WHOLESALE OF CT, LIMITED PARTNERSHIP | : | JUDICIAL DISTRICT OF HARTFORD |
| | : | |
| VS. | : | AT HARTFORD |
| | : | |
| TREX COMPANY, INC. | : | NOVEMBER 15, 2013 |

## VERIFIED COMPLAINT

The plaintiff, Seven D Wholesale of CT, Limited Partnership, for its complaint against the defendant, Trex Company, Inc., hereby alleges as follows:

## COUNT ONE - BREACH OF FRANCHISE ACT

1. The plaintiff, Seven D Wholesale of CT, Limited Partnership, is a Delaware limited partnership authorized to transact business in the State of Connecticut and is located at 145 Dividend Road, Rocky Hill, Connecticut 06067 ("Seven D" or the "Plaintiff").

2. The defendant, Trex Company, Inc., is Delaware corporation with a principal place of business located at 160 Exeter Drive, Winchester, Virginia ("TREX" or the "Defendant").

3. At all times material hereto, Seven D was an authorized distributor of TREX composite wood products pursuant to a franchise within the meaning of Connecticut General Statutes § 42-133e, et seq. (hereinafter referred to as the "Connecticut Franchise Act").

1

4. At all times material hereto, TREX was a "franchisor" within the meaning of Connecticut General Statutes § 42-133e (c).

5. At all times material hereto, Seven D was a "franchisee" within the meaning of Connecticut General Statutes § 42-133e (d).

6. Since 2007, the parties have had an agreement and/or arrangement in which the Defendant has authorized the Plaintiff to market, sell and distribute TREX composite wood products throughout Connecticut, Massachusetts and Rhode Island.

7. This arrangement required the Plaintiff to follow a business plan dictated by Defendant to market TREX Composite wood products.

8. Under the business plan that the Defendant required the Plaintiff to follow, the terms specified by the Defendant to the Plaintiff included, but were not limited to, the following:

   a. Approval of product pricing;

   b. Maintenance of inventory storage levels;

   c. Training of dealers and contractors as to proper use and application of TREX products;

   d. Product purchasing quotas, inventory levels and sales targets;

   e. Territory and customer resale limits and requirements;

   f. Advertising the products through the use of specific media;

   g. Preventing sale of competing and/or different products

**ROGIN NASSAU LLC** • ATTORNEYS AT LAW
CITYPLACE I • HARTFORD, CONNECTICUT 06103-3460 • (860) 256-6300 • JURIS NO. 50793

9. As part of authority that given to the Plaintiff to operate as an authorized distributor of TREX composite wood products, Plaintiff was authorized to use TREX trademarks, trade names for the variety of TREX composite wood products, the TREX logo or symbol on all media advertising by Plaintiff and to use the TREX brand name as part of its advertising.

10. On September 27, 2013, TREX orally informed Seven D that it was terminating its arrangement with Seven D to distribute TREX composite wood products. TREX did not recite any reasons for the termination or any failures in the manner in which the Plaintiff conducted its business with the Defendants as a basis for the termination.

11. On or about that same day, TREX without the knowledge of Seven D, informed the plaintiff's customers that TREX was terminating its business arrangement with Seven D and that Seven D would no longer be able to sell TREX wood composite products.

12. By letter dated October 17, 2013, the Defendant provided written notification purporting to terminate the relationship between the parties effective November 15, 2013. The termination letter did not recite any reasons for the termination or any failures in the manner in which the Plaintiff has conducted its business with TREX as a basis for the termination.

13. Defendants' actions constitute a violation of Connecticut General Statutes §42-133f (a) in that there is no "good cause" for termination of the parties' business arrangement.

ROGIN NASSAU LLC • ATTORNEYS AT LAW
CITYPLACE I • HARTFORD, CONNECTICUT 06103-3460 • (860) 256-6300 • JURIS NO. 50793

15. The Defendant failed to provide written notice or compensate the Plaintiff in conformity with Connecticut General Statutes §§ 42-133f(a) and 42-133f(c).

16. Termination of the Plaintiff's authorized distributorship will cause irreparable harm to the reputation of the Plaintiff's business as it will not allow Plaintiff to compete for business specifying TREX products as Plaintiff will be unable to purchase those products.

17. The purported termination will harm the reputation and goodwill of the Plaintiff.

18. In addition to losing current and future business, Plaintiff will lose existing customers for other business to its competitors because the Plaintiff can no longer service those existing clients without the TREX authorization. This would shift current customers to competitors of the Plaintiff without compensation all due to the actions of the Defendant.

19. In addition, the Plaintiff has expended funds for marketing and distributing TREX products, which will be lost as a result of the termination of the parties' business arrangement.

## COUNT II – DETRIMENTAL RELIANCE

1-19. Paragraphs 1 through 19 of Count I of the Complaint are incorporated herein as Paragraphs 1 through 19 of Count II as if fully set forth herein.

20. In reliance upon the representations of TREX, Seven D designed and installed

4

racking, lift, transport, delivery and other equipment relating to the distribution of TREX building products at considerable expense to Seven D and was aware of and consistently encouraged the substantial expenditure of funds by Seven D during its six year relationship with the Defendant to support the business arrangement and the marketing and sales of TREX products.

21. The Defendant repeatedly lauded the Plaintiff for its efforts in promoting TREX products, consistently obtaining positive sales results, increasing the credibility of the TREX brand and encouraged the Plaintiff make expenditures to further market TREX products.

22. TREX benefitted from its relationship with the Plaintiff.

23. The Defendant justifiably relied upon the representations of TREX to its detriment when TREX abruptly and without proper justification purported to terminate the parties' business relationship and preclude the Plaintiff from selling TREX products.

24. As a result of the conduct and representations of TREX, the Plaintiff has and will suffer damages and irreparable harm due to the termination of its business arrangement.

## COUNT III. UNFAIR TRADE PRACTICE

1-24. The allegations set forth in paragraphs 1-24 of the Second Count are realleged and incorporated as paragraphs 1-24 of the Third Count as if fully set forth herein.

**ROGIN NASSAU LLC** • ATTORNEYS AT LAW
CITYPLACE I • HARTFORD, CONNECTICUT 06103-3460 • (860) 256-6300 • JURIS NO. 50793

25. At all times material hereto, Defendant TREX was a "person" within the meaning of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a(3) and was engaged in "trade" or "commerce" within the meaning of Conn. Gen. Stat. § 42-110a(4).

26. The conduct of Defendant TREX as aforesaid was and continues to constitute an unfair method of competition and unfair or deceptive acts or practices in violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110b.

27. The conduct of Defendant TREX as aforesaid offends the public policy of the State or Connecticut, is immoral, unethical, unscrupulous and deceptive.

28. As a result of the violations of the Connecticut Unfair Trade Practices Act by Defendant TREX, Seven D has suffered damages along with irreparable harm..

29. Pursuant to Conn. Gen. Stat. § 42-110g, a copy of this Complaint is being mailed to the Office of the Connecticut Attorney General and Commissioner of Consumer Protection.

ROGIN NASSAU LLC • ATTORNEYS AT LAW
CITYPLACE I • HARTFORD, CONNECTICUT 06103-3460 • (860) 256-6300 • JURIS NO. 50793

WHEREFORE, Plaintiff prays for the following relief:

1. Injunctive relief enjoining the Defendants from terminating the authorized distributorship for a period of at least three (3) years pursuant to C.G.S. 42-113f;

2. Money damages;

3. Interest;

4. Costs and Attorney's fees pursuant to C.G.S. §42-113g and 42-110a;

5. Punitive damages pursuant to C.G.S. §42-110a; and

6. Any other relief in law or equity that the Court deems appropriate.

THE PLAINTIFF
SEVEN D WHOLESALE OF CT,
LIMITED PARTNERSHIP

By: _____
George C. Springer, Jr.
Rogin Nassau LLC (050793)
Its Attorneys
185 Asylum Street
CityPlace I, 22nd Floor
Hartford, CT 06103-3460
Tel: (860)256-6300
Fax: (860)278-2179



Attest A True Copy
John A. _____, Jr.
State Marshal, Hartford County

| | | |
|---|---|---|
| RETURN DATE: DECEMBER 17, 2013 | : | SUPERIOR COURT |
| | : | |
| SEVEN D WHOLESALE OF CT, | | |
| LIMITED PARTNERSHIP | : | JUDICIAL DISTRICT OF |
| | : | |
| VS. | : | HARTFORD AT HARTFORD |
| | : | |
| TREX COMPANY, INC. | : | NOVEMBER 15, 2013 |

### STATEMENT OF AMOUNT IN DEMAND

The amount, legal interest, or property in demand is more than Fifteen Thousand ($15,000) Dollars, exclusive of interest and costs.

THE PLAINTIFF
SEVEN D WHOLESALE OF CT,
LIMITED PARTNERSHIP

By:_____
George C. Springer, Jr.
Rogin Nassau LLC (050793)
Its Attorneys
185 Asylum Street
CityPlace I, 22nd Floor
Hartford, CT 06103-3460
(860)256-6300
(860)278-2179 Fax

Attest A True Copy
John A. Esposito Jr
State Marshal Hartford County

| | | |
|---|---|---|
| RETURN DATE: DECEMBER 17, 2013 | : | SUPERIOR COURT |
| | : | |
| SEVEN D WHOLESALE OF CT,<br>LIMITED PARTNERSHIP | : | JUDICIAL DISTRICT OF |
| | : | HARTFORD |
| VS. | : | AT HARTFORD |
| | : | |
| TREX COMPANY, INC. | : | NOVEMBER 15, 2013 |

## VERIFICATION

I, Brian Reiff, Vice President of Seven D Wholesale of CT, Limited Partnership, the Plaintiff in the foregoing action, being duly sworn, do depose and state that I have read the Verified Complaint in the foregoing matter and that the allegations made therein are true to the best of my knowledge, information and belief.

_____
Brian Reiff

Sworn to and subscribed before me this ___15th___ day of November, 2013 in the State of Connecticut, County of __HARTFORD__.

_____
Notary Public/Commissioner of the Superior Court
My Commission Expires:

Attest A True Copy
John A. Esposito Jr
State Marshal Hartford County

9

ROGIN NASSAU LLC • ATTORNEYS AT LAW
CITYPLACE I • HARTFORD, CONNECTICUT 06103-3460 • (860) 256-6300 • JURIS NO. 50793